[Cite as *State v. Cox*, 2014-Ohio-5619.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-P-0015** |
| PATRICK D. COX, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Kent Division, Case No. 2013 TRC 13233R.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266  (For Plaintiff-Appellee).

*Rhys Brendan Cartwright-Jones,* 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}  Patrick D. Cox appeals from the judgment entry of the Portage County Municipal Court, Kent Division, denying his motion to suppress in a drunken driving case.  He contends the arresting officer lacked reasonable suspicion to administer field sobriety tests.  Finding no error, we affirm.

{¶2}  At 1:26 a.m., Saturday, September 29, 2013, Sgt. Brian M. Vail of the Ohio State Highway Patrol was parked at the Rootstown Administration Building on St.

Rte. 44, when he observed a Volkswagen Jetta heading north. The speed limit at that point is 40 miles per hour: the sergeant estimated the car was travelling at 48 miles per hour. He turned on his speed laser, which revealed the car's actual speed was 50 miles per hour. Sgt. Vail activated his lights, and pulled the car over in a nearby Giant Eagle parking lot.

{¶3} Mr. Cox was the driver of the speeding car. When Sgt. Vail approached, Mr. Cox rolled down his window. The sergeant noticed a strong odor of alcohol emanating from the car, and that Mr. Cox's eyes were glassy. However, Mr. Cox had parked perfectly; had no trouble obtaining and turning over his license, insurance, and registration; and was polite and cooperative. He denied drinking that evening. Evidently, his girlfriend was also in the car.

{¶4} Sgt. Vail asked Mr. Cox to step out of the car. When he did so, the sergeant noticed that Mr. Cox smelled strongly of alcohol, himself. Field sobriety tests were administered, which Mr. Cox failed. Following his arrest, he agreed to a breathalyzer test, which he also failed.

{¶5} Mr. Cox was charged with driving a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and speeding in violation of R.C. 4511.21(A). He moved to suppress. Hearing went forward February 26, 2014. February 28, 2014, the trial court filed its judgment entry denying the motion. April 4, 2014, Mr. Cox pled no contest to the OVI charge. The trial court sentenced him to 180 days in jail (177 suspended); court costs and a fine of $1075 ($700 suspended); and, suspended his driver's license for six months.

{¶6} This appeal timely ensued. The sole assignment of error reads: "The Court erred in denying Patrick Cox's motion to suppress."

{¶7} In *Kirtland Hills v. Strogin*, 11th Dist. Lake No. 2005-L-073, 2006-Ohio-1450, ¶11-16, this court stated:

{¶8} "At a suppression hearing, the trial court, acting in its role as the trier of fact, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, * * *. When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, * * *; *State v. Frazier* (Oct. 6, 2000), 11th Dist. No. 99-T-0109, 2000 Ohio App. LEXIS 4660, at 5. Then, an appellate court must independently review whether the trial court applied the correct legal standard. *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, * * *.

{¶9} "'The Fourth Amendment of the United States Constitution, as well as Article One, Section Fourteen, of the Ohio Constitution, guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." When a police officer stops an automobile and detains its occupants, a "seizure" is committed within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution.' *State v. Wojtaszek*, 11th Dist. No. 2002-L-016, 2003-Ohio-2105, at ¶15, citing *Delaware v. Prouse* (1979), 440 U.S. 648, * * *, paragraph two of the syllabus.

3

{¶10} "'It is well established that an officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law.' *State v. Boczar*, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910, at ¶11, citing *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 11-12, * * *. Moreover, this court has repeatedly held that when a police officer witnesses a minor traffic violation, he or she is warranted in making a stop to issue a citation. *Village of Waite Hill v. Popovich*, 11th Dist. No. 2001-L-227, 2003-Ohio-1587, at ¶14. However, because any further detention is a greater invasion into an individual's liberty interests, an officer may not request a motorist to perform field sobriety tests unless the request is separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans* (1998), 127 Ohio App.3d 56, 62, * * *, citing *State v. Yemma* (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361. A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. *Popovich*, *supra*, at ¶11; *State v. Dye*, 11th Dist. No. 2001-P-0140, 2002-Ohio-7158, at ¶18.

{¶11} "In *Evans, supra, at 63*, we noted a host of factors collected from various cases which may be considered by a court to determine whether an officer had reasonable suspicion to administer field sobriety tests under the totality of the circumstances:

{¶12} "'(1) the time of day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a

4

cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong,(")  "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably.' Id. at fn. 2.

{¶13} "We point out that the foregoing factors are assistive guides in the determination of reasonable suspicion. Accordingly, no one factor is dispositive and, moreover, the list does not represent an exhaustive account of factors which can or should be considered. *Boczar*, *supra*, at ¶14. Generally, courts approve a request to submit to field sobriety testing only where the officer based his or her decision on a number of these factors. *Evans*, *supra*, at 63." (Parallel citations omitted.)

{¶14} In this case, four *Evans* factors were present. Mr. Cox was speeding. It was 1:26 a.m. on a Saturday. His eyes were glassy. Most significant, there was a strong smell of alcohol emanating from his car; and, when he stepped out, that strong smell continued to emanate from him. Courts of appeals have upheld the granting of suppression motions when the odor of alcohol coming from a car did not cling to a driver

5

when the driver exited the car. *State v. Swartz*, 2d Dist. Miami No. 2008 CA 31, 2009-Ohio-902, ¶15. In this case, the odor remained.

{¶15} Sgt. Vail had a reasonable suspicion based on articulable facts that Mr. Cox might be inebriated. Therefore, he could administer field sobriety tests. The assignment of error is without merit.

{¶16} The judgment of the Portage County Municipal Court, Kent Division, is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.

concur.